**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **WILLIAM UTSEY,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **CIVIL ACTION 07-0199-WS-M** |
| | ) |
| **NEW ENGLAND MUTUAL LIFE** | ) |
| **INSURANCE COMPANY,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on defendants' Motion to Defer Ruling on Plaintiffs' Remand Motion Pending Discovery on Jurisdictional Issues (doc. 10).

On March 15, 2007, defendants removed this action to this District Court from the Circuit Court of Choctaw County, Alabama.  In so doing, defendants predicated federal subject matter jurisdiction on 28 U.S.C. § 1332, arguing that there was complete diversity of citizenship and the amount in controversy exceeded $75,000.  Defendants' Notice of Removal (doc. 1) recognized that defendants Harry C. Thompson, Jr. and Brent Thompson are not of diverse citizenship to the plaintiffs, inasmuch as both the Thompson defendants and plaintiffs are citizens of the State of Alabama; nonetheless, defendants maintained that the Thompsons' non-diverse status did not negate diversity jurisdiction because the Thompsons were fraudulently joined.  Defendants outlined their fraudulent joinder argument in considerable detail over the course of their 20-page Notice of Removal and 11 supporting exhibits numbering well in excess of 100 pages.

Three weeks later, on April 4, 2007, plaintiffs filed a Motion to Remand (doc. 9) contesting defendants' fraudulent joinder ground for invoking federal jurisdiction.  That same day, defendants countered with a Motion to Defer Ruling on Plaintiffs' Remand Motion Pending Discovery on Jurisdictional Issues (doc. 10).  Defendants request leave to undertake jurisdictional discovery, including taking plaintiffs' depositions and propounding requests for production of documents; however, they fail to identify any specific topics on which such

discovery might be appropriate or warranted, make no proffer of the evidence they believe such discovery may disclose, provide no explanation of how such discovery efforts might disclose evidence relevant to the fraudulent joinder inquiry, and offer no showing whatsoever of any need for jurisdictional discovery prior to resolution of the Motion to Remand.

In lieu of making a specific showing that jurisdictional discovery is needed in the specific circumstances of this litigation, defendants rely exclusively on the well-worn general principle that parties may submit materials outside the pleadings (such as deposition transcripts, affidavits and the like) in litigating a fraudulent joinder issue. *See, e.g., Legg v. Wyeth*, 428 F.3d 1317, 1322-23 (11th Cir. 2005) (recognizing that fraudulent joinder determination is based on pleadings at time of removal "supplemented by any affidavits and deposition transcripts submitted by the parties" and that procedure for resolving such a claim "is similar to that used for ruling on a motion for summary judgment"). Defendants would apparently extrapolate from this uncontroversial, basic principle an unqualified right to conduct extensive, virtually unfettered discovery in federal court upon request on matters pertaining to the merits of the dispute antecedent to any ruling on plaintiffs' Motion to Remand. But none of the authorities on which defendants rely can support such a broad, open-ended application of jurisdictional discovery. It is one thing to say, as defendants' cases do, that materials outside the pleadings should be considered in ruling on a fraudulent joinder argument. It is quite another to suggest, as defendants do, that jurisdictional discovery is automatically available whenever fraudulent joinder questions are in play.

There is no absolute right to conduct jurisdictional discovery; indeed, courts have routinely denied such requests in the absence of any specific showing by the movant establishing the need for same. *See Kelly v. Syria Shell Petroleum Development B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (district court did not abuse discretion in denying jurisdictional discovery where movant did not describe the discovery it contended should have been allowed, what facts it hoped to gain from such discovery, or how it would produce information that would support jurisdictional allegations); *Instabook Corp. v. Instantpublisher.com*, 469 F. Supp.2d 1120, 1127 (M.D. Fla. 2006) (denying request for jurisdictional discovery where requesting party "has only generally requested such discovery, without explaining how such discovery would bolster its contentions"); *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988) (district court need

not permit jurisdictional discovery if such discovery will be a mere "fishing expedition"); *Gear, Inc. v. L.A. Gear California, Inc.*, 637 F. Supp. 1323, 1328 (S.D.N.Y. 1986) ("Discovery need not be granted to allow [movant] to engage in an unfounded fishing expedition for jurisdictional facts"); *see generally Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (no error by district court in not ordering jurisdictional discovery where party failed to specify what it thought could or should be discovered).

This Court's inquiry in determining whether defendants have been fraudulently joined for jurisdictional purposes is confined to the narrow question of ascertaining whether "there is no possibility the plaintiff can establish a cause of action against the resident defendant. ...  The defendant must make such a showing by clear and convincing evidence." *Henderson v. Washington National Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).  Defendants have made no showing that jurisdictional discovery might be beneficial to that endeavor, and have already submitted 20 pages of legal argument and dozens of pages of exhibits in support of their position that the Thompsons have been fraudulently joined.  Accordingly, they are not entitled to such preliminary discovery here.

For all of these reasons, the Motion to Defer Ruling on Plaintiffs' Remand Motion Pending Discovery on Jurisdictional Issues (doc. 10) is **denied**.  Any party opposing the pending Motion to Remand must file a response, supported by legal authority as appropriate, on or before **April 20, 2007**.  Movants will be allowed until **April 27, 2007** to file a reply.  If the Court determines that oral argument is necessary, the parties will be notified and a hearing will be scheduled.  Otherwise, the Motion will be taken under submission after April 27, 2007.

DONE and ORDERED this 9th day of April, 2007.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE